# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: DAY, RONALD  §  Case No. 12-12894 | |
| DAY, JUSTINE  § | |
| § | |
| Debtor(s)  § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on March 30, 2012. The undersigned trustee was appointed on March 30, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of       $       57,500.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 9,843.58 |
   | Bank service fees | 45.95 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]  $ | 47,610.47 |

   The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 12/07/2012 and the deadline for filing governmental claims was 09/26/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,125.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $6,125.00, for a total compensation of $6,125.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $134.38, for total expenses of $134.38.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/18/2012           By: /s/KAREN R. GOODMAN
                               Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 12-12894 | | Trustee: | (520191) | KAREN R. GOODMAN |
|---|---|---|---|---|---|
| Case Name: | DAY, RONALD | | Filed (f) or Converted (c): | 03/30/12 (f) | |
| | DAY, JUSTINE | | §341(a) Meeting Date: | 06/05/12 | |
| Period Ending: | 12/18/12 | | Claims Bar Date: | 12/07/12 | |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 5825 N. Louise, Chicago IL 60646<br>Imported from original petition Doc# 1 | 280,000.00 | 0.00 | | 0.00 | FA |
| 2 | 3739 W. Eastwood, Chicago, IL 60625 - 2 Flat Bri<br>Imported from original petition Doc# 1 | 175,000.00 | 0.00 | | 0.00 | FA |
| 3 | 3753 W. Wilson, Chicago, IL 60625 - 3 Flat Brick<br>Imported from original petition Doc# 1 | 265,000.00 | 0.00 | | 0.00 | FA |
| 4 | 2005 Valencia Drive, Northbrook, IL 60062 -2, be<br>Imported from original petition Doc# 1 | 135,000.00 | 0.00 | | 0.00 | FA |
| 5 | 32475 Ambro Road, Prairie Du Chien, WI 53821<br>Imported from original petition Doc# 1 | 45,000.00 | 41,905.00 | | 57,500.00 | FA |
| 6 | Petty cash<br>Imported from Amended Doc#: 18 | 100.00 | 0.00 | | 0.00 | FA |
| 7 | Checking account of Debtors with Chase Bank<br>Imported from original petition Doc# 1 | 750.00 | 0.00 | | 0.00 | FA |
| 8 | Checking account with TCF Bank<br>Imported from Amended Doc#: 18 | 5.00 | 0.00 | | 0.00 | FA |
| 9 | Checking account of Debtors with Chase Bank<br>Imported from Amended Doc#: 18 | 5,000.00 | 0.00 | | 0.00 | FA |
| 10 | One ordinary lot of household goods and furnishi<br>Imported from Amended Doc#: 18 | 1,000.00 | 0.00 | | 0.00 | FA |
| 11 | Necessary wearing apparel of the Debtors<br>Imported from Amended Doc#: 18 | 800.00 | 0.00 | | 0.00 | FA |
| 12 | Term life insurance No cash surrender value<br>Imported from Amended Doc#: 18 | 0.00 | 0.00 | | 0.00 | FA |
| 13 | Whole life policy<br>Imported from Amended Doc#: 18 | 300.00 | 300.00 | | 0.00 | FA |
| 14 | Joint-Debtor's 401(k) plan with Fidelity<br>Imported from Amended Doc#: 18 | 4,500.00 | 0.00 | | 0.00 | FA |
| 15 | Debtor pension plan with Chicago Police Departme<br>Imported from Amended Doc#: 18 | 4,500.00 | 0.00 | | 0.00 | FA |
| 16 | Chicago Police Deparment Municipal Retirement Pl<br>Imported from Amended Doc#: 18 | 97,000.00 | 0.00 | | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 12-12894  
Case Name: DAY, RONALD  
DAY, JUSTINE  
Period Ending: 12/18/12

Trustee: (520191) KAREN R. GOODMAN  
Filed (f) or Converted (c): 03/30/12 (f)  
§341(a) Meeting Date: 06/05/12  
Claims Bar Date: 12/07/12

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 17 | Pension plan (triggered at age 63 or upon retire<br>Imported from Amended Doc#: 18 | 0.00 | 0.00 | | 0.00 | FA |
| 18 | Debtor Justine Day's workman's compensation clai<br>Imported from Amended Doc#: 18 | 13,920.00 | 0.00 | | 0.00 | FA |
| 19 | 2006 Honda Odyssey - Approximately 190,000 miles<br>Imported from Amended Doc#: 18 | 2,000.00 | 0.00 | | 0.00 | FA |
| 20 | 2006 Honda CR-V SE, approximatel 140,000 miles<br>Imported from Amended Doc#: 18 | 2,000.00 | 0.00 | | 0.00 | FA |
| 21 | Row-boat<br>Imported from Amended Doc#: 18 | 100.00 | 100.00 | | 0.00 | FA |
| 22 | 1977 Starcarft campter<br>Imported from Amended Doc#: 18 | 500.00 | 500.00 | | 0.00 | FA |
| 22 | Assets    Totals (Excluding unknown values) | $1,032,475.00 | $42,805.00 | | $57,500.00 | $0.00 |

**Major Activities Affecting Case Closing:**

Awaiting approval of motion to sell WI real estate; closing of sale; retain accountant.

**Initial Projected Date Of Final Report (TFR):** March 31, 2013      **Current Projected Date Of Final Report (TFR):** March 31, 2013

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 12-12894 | | Trustee: | KAREN R. GOODMAN (520191) |
|---|---|---|---|---|
| Case Name: | DAY, RONALD | | Bank Name: | The Bank of New York Mellon |
| | DAY, JUSTINE | | Account: | 9200-******22-66 - Checking Account |
| Taxpayer ID #: | **-***1003 | | Blanket Bond: | $61,494,000.00 (per case limit) |
| Period Ending: | 12/18/12 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 11/16/12 | | Peterson Antoine & Peterson Trust Account | Proceeds of Sale of Vacant Land in Prairie du Chien, Wisconsin | | 48,059.42 | | 48,059.42 |
| | {5} | | Gross Selling Price          57,500.00 | 1110-000 | | | 48,059.42 |
| | | | Settlement Charges          -4,230.70 | 2500-000 | | | 48,059.42 |
| | | | Earnest Money Retained    -1,000.00 | 2500-000 | | | 48,059.42 |
| | | | Local Tax                            -807.77 | 2820-000 | | | 48,059.42 |
| | | | Real Estate tax                  -3,402.11 | 2820-000 | | | 48,059.42 |
| 11/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 45.95 | 48,013.47 |
| 12/11/12 | 101 | Illinois Department of Revenue | 2012 Form IL-1041 | 2820-000 | | 138.00 | 47,875.47 |
| 12/11/12 | 102 | Wisconsin Department of Revenue | 2012 Wisconsin Fiduciary Income Tax for Estates or Trusts - Form 2 | 2820-000 | | 265.00 | 47,610.47 |

|   |   |   |   |
|---|---|---|---|
| **ACCOUNT TOTALS** | 48,059.42 | 448.95 | **$47,610.47** |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 48,059.42 | 448.95 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$48,059.42** | **$448.95** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******22-66 | 48,059.42 | 448.95 | 47,610.47 |
| | $48,059.42 | $448.95 | $47,610.47 |

{} Asset reference(s)

Printed: 12/18/2012 10:56 AM V.13.04

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-12894
Case Name: DAY, RONALD
Trustee Name: KAREN R. GOODMAN

**Balance on hand:**  $ 47,610.47

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 47,610.47

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - KAREN R. GOODMAN | 6,125.00 | 0.00 | 6,125.00 |
| Trustee, Expenses - KAREN R. GOODMAN | 134.38 | 0.00 | 134.38 |
| Attorney for Trustee, Fees - SHEFSKY & FROELICH LTD. | 4,095.00 | 0.00 | 4,095.00 |
| Accountant for Trustee, Fees - ALAN D. LASKO | 1,606.60 | 0.00 | 1,606.60 |
| Accountant for Trustee, Expenses - ALAN D. LASKO | 24.94 | 0.00 | 24.94 |

Total to be paid for chapter 7 administration expenses: $ 11,985.92
Remaining balance: $ 35,624.55

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 35,624.55

UST Form 101-7-TFR (05/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 35,624.55

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 65,407.84 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 54.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions LLC (Citibank South Dakota,) | 10,278.76 | 0.00 | 5,598.35 |
| 2 | FIA CARD SERVICES, N.A. | 7,954.38 | 0.00 | 4,332.37 |
| 3 | FIA CARD SERVICES, N.A. | 4,065.82 | 0.00 | 2,214.46 |
| 4 | FIA CARD SERVICES, N.A. | 9,203.73 | 0.00 | 5,012.84 |
| 5 | GE Capital Retail Bank | 2,547.89 | 0.00 | 1,387.71 |
| 6 | Quantum3 Group LLC as agent for | 682.43 | 0.00 | 371.69 |
| 7 | American Express Bank, FSB | 26,441.16 | 0.00 | 14,401.25 |
| 8 | Citibank, N.A. | 1,702.16 | 0.00 | 927.09 |
| 9 | Gundersen Clinic Ltd. | 218.00 | 0.00 | 118.73 |
| 10 | Capital One, N.A. | 2,313.51 | 0.00 | 1,260.06 |

Total to be paid for timely general unsecured claims: $ 35,624.55
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) claims totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims:  $       0.00
Remaining balance:  $       0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $       0.00
Remaining balance:  $       0.00